UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HANEY,

    Plaintiff,

v.

DR. ROBERT CROMPTON, et al.

    Defendants.
_____/

Case No. 16-cv-13227

Honorable Nancy G. Edmunds

Magistrate Judge Mona K. Majzoub

### ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S APRIL 11, 2019 REPORT AND RECOMMENDATION

Plaintiff David Haney filed this *pro se* civil rights matter against Nicki Monroe, Addie Briske, Vicki Jensen, Deborah Swickley, Bridget Ball, Jennifer Russel, and Jack Bellinger, who are employees of the Michigan Department of Corrections ("MDOC"), and Dr. Robert Crompton, who is employed by Corizon Health, Inc. Plaintiff claims that Defendants denied him adequate medical care in violation of the Eighth Amendment to the United States Constitution.

Pending before the Court is the Magistrate Judge's April 11, 2019 Report and Recommendation. (ECF No. 110.) The Magistrate Judge recommends that the Court deny Plaintiff's motion for partial summary judgment, grant Defendant Robert Crompton's motion for summary judgment, and grant in part and deny in part the MDOC Defendants' motion for summary judgment. Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation. (ECF No. 111.) Defendant Crompton opposes Plaintiff's objections. (ECF No. 112.) Defendants do not otherwise object to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of Plaintiff's

1

objections. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **GRANTS** Defendant's motion for summary judgment, **DENIES** Plaintiff's Motion for Summary Judgment, and **GRANTS IN PART and DENIES IN PART** the MDOC Defendants' Motion for Summary Judgment.

### I. Standard of Review

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b). The Court need not and does not perform a de novo review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

### II. Analysis

#### A. Plaintiff's Objection Regarding Record Inaccuracies

Plaintiff alleges that on May 22, 2013 Defendant Crompton denied him several medications and treatments that were prescribed by the doctors who treated Plaintiff at McLaren Hospital from May 9-17, 2013. Defendant Crompton testified that he examined Plaintiff on May 20, 2013 and again on May 22, 2013. Based on his observations during

these examinations, Defendant Crompton concluded that "[b]ecause [Plaintiff] was doing well before his hospital stay and working in food service without restriction, and because he did not find Ultram helpful, I discontinued Ultram and gabapentin." (ECF No. 110, PG.ID. 1269.)

On the record before the Court, the Magistrate Judge found that no reasonable trier of fact could find Defendant Crompton "disregarded an excessive risk to [Plaintiff's] health or safety" by discontinuing the medications and treatments recommended by the doctors who treated Plaintiff at McLaren Hospital. Plaintiff's records suggest Defendant Crompton gave due consideration to those recommendations and simply reached a different conclusion than the doctors at McLaren. (ECF No. 110, PG.ID. 1269-70.)

Plaintiff challenges the accuracy of the description of Plaintiff's May 20, 2013 visit with Defendant Crompton. Specifically, Plaintiff contends Defendant Crompton misstated facts and falsified evidence to mislead the Court "into believing that [Crompton] followed a course of treatment, when in fact he did not." (ECF No. 111, PG.ID. 1278.) Plaintiff points to alleged inconsistencies in his medical records to support this allegation. (ECF No. 111, PG.ID. 1276-78.) First, Plaintiff argues the records show incorrect start and stop dates for Ultram and gabapentin. *Id.* Plaintiff argues these records indicate that Ultram was ordered on May 18, 2013, which was a Saturday and not a day Defendant Crompton worked at the facility. *Id.* Second, Plaintiff claims that because the records show a prescribed quantity of zero, the records demonstrate Defendant Crompton never prescribed Ultram or gabapentin. *Id.* Plaintiff contends he was never prescribed Ultram, either while in the hospital or during his visits with Defendant Crompton, and thus Defendant's statement that Plaintiff requested to be removed from the medication was

3

false.  Plaintiff argues this is a genuine issue of material fact that precludes summary judgment.

Plaintiff's objection is overruled.  As Defendant points out, the May 20, 2013 note reflects Defendant Crompton was under the impression Plaintiff had been on Ultram at the hospital and suggests this information came from Plaintiff himself.  Even assuming Plaintiff is correct and Defendant was mistaken about Ultram, it would have no bearing on the analysis in the Report and Recommendation regarding his visits on May 20 and 22, 2013. (ECF No. 112, PG.ID. 1307.)  The Magistrate Judge concluded "Plaintiff's medical records suggest that Dr. Crompton gave due consideration those recommendations and simply reached a different conclusion than the doctors at McLaren." (ECF No. 110, PG.ID. 1269-70.)  Neither the specific dates on which the medications were ordered or stopped, nor any miscommunication between Plaintiff and Defendant regarding those medications, have any bearing on the conclusion that Defendant Crompton reached a different medical conclusion than some of his colleagues may have.  "Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Weslake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

**B.  Plaintiff's Objections Regarding Appointing an Expert**

Plaintiff's objections 2 through 5 argue that the Court should have appointed him a medical expert.  Plaintiff contends an appointed medical expert would have established the required standard of care owed by Defendant.

Plaintiff's objections 2 through 5 are overruled.  This issue was addressed in the Order Regarding Procedural and Discovery Motions. (ECF No. 96.)  Moreover, even if

4

the objection was appropriate at this stage, Plaintiff is not entitled to a court-appointed medical expert. *See Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2011 WL 4477154, at *4 (W.D. Mich. Sept. 26, 2011); *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).

III.    Conclusion

For the above-stated reasons, and for the reasons provided in the Magistrate Judge's Report and Recommendation, the Court **OVERRULES** Plaintiff's objections, **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation, **DENIES** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion for Summary Judgment, and **GRANTS IN PART and DENIES IN PART** the MDOC Defendants' Motion for Summary Judgment as follows:

- The Court dismisses the claims described in Grievance No. 2013-04-1170.
- The Court dismisses the claims described in Grievance No. 2013-05-1269.
- The Court dismisses the claims described in Grievance No. 2013-05-1410 against Defendants Bellinger and Ball, but not those against Defendant Briske and Defendant Jensen.
- The Court dismisses the claims described in Grievance No. 2013-08-2127.

SO ORDERED.

s/Nancy G. Edmunds  
Nancy G. Edmunds  
United States District Judge

Dated:  July 16, 2019

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 16, 2019, by electronic and/or ordinary mail.

s/Lisa Bartlett  
Case Manager
